UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20108-CR-MOORE/D'ANGELO

**UNITED STATES OF AMERICA,**

v.

**ALEX ORIA,**

**Defendant.**
_____/

**ORDER FOLLOWING *GARCIA* HEARING**

**THIS CAUSE** is before the Court on the Government's Motion for Hearing Regarding Potential Conflict of Interest filed on April 2, 2025 (DE 11).[1] Defendant Alex Oria filed his response on April 11, 2025 (DE 22). Defendant personally appeared before the Court for hearings, pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), on April 29 and May 20, 2025 (DE 27, 29). The following parties were present at the April 29, 2025 *Garcia* hearing: United States Department of Justice ("DOJ") Trial Attorney Jacqueline DerOvanesian, Defendant Alex Oria, Joseph Rosenbaum, Esq., who has been retained to represent Defendant Oria, and Kimberly Acevedo, Esq. The following parties were present at the May 20, 2025 *Garcia* hearing: DOJ Trial Attorney Jacqueline DerOvanesian, Defendant Alex Oria, Joseph Rosenbaum, Esq., Kimberly Acevedo, Esq., Nayib Hassan, Esq., who was appointed by the Court as independent counsel to Defendant Oria, and alleged co-conspirator Orel Valdespino Fernandez, who appeared via telephone from the institution where he is currently serving his sentence with the Bureau of Prisons.

---

[1] This matter was referred to the undersigned Magistrate Judge to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding all matters and pretrial motions, except motions for continuance of trial (DE 15).

**I.     FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

In the pleadings and at the April 29, 2025 *Garcia* hearing, the Parties set forth the following facts: on February 7, 2024, a Grandy Jury sitting in the Southern District of Florida returned an Indictment against Orel Valdespino Fernandez, charging him with two counts of Money Laundering, in violation of Title 18, United States Code, Section 1957(a) in Case No. 24-20045-CR-ALTMAN (Case No. 24-20045-CR, DE 20). The allegations against Valdespino involved "a complex scheme relating to the introduction into interstate commerce of adulterated and misbranded drugs stemming from Valdespino's role at Eclipse Meds LLC" (Case No. 24-20108-CR, DE 11 at 2). Valdespino pled guilty to Count One of the Indictment on May 14, 2025 (Case No. 24-20045-CR, DE 50), and he was sentenced to 33 months' imprisonment on September 3, 2024 (*id.* at DE 70).

Valdespino was arrested in the money laundering case on January 8, 2024 and made his initial appearance before the Court the following day (*id.* at DE 6). Attorney Acevedo entered a temporary notice of appearance on behalf of Valdespino on January 9, 2024 (*id.* at DE 5), and Attorney Rosenbaum entered the same on January 17, 2024 (*id.* at DE 8). Both Attorney Acevedo and Attorney Rosenbaum represented Valdespino at the detention hearing held on January 17, 2024 (*id.* at DE 9). According to Attorney Rosenbaum, after the detention hearing, he did not have any further involvement in Valdespino's case, did not review the discovery, and "did not have any discussion with Valdespino regarding the conspiracy related to the introduction into interstate commerce of adulterated and misbranded drugs, as Valdespino was only charged with money laundering and Ms. Acevedo was lead on the case" (Case No. 24-20108-CR, DE 22 at 1-2). Attorney Acevedo filed a permanent appearance on February 7, 2024 and continued to represent Valdespino throughout the case (Case No. 24-20045-CR, DE 21).

2

On July 25, 2024, Valdespino was indicted again in the Southern District of Florida and charged with Forcibly Assaulting a Federal Officer, in violation of Title 18, United States Code, Section 111 in Case No. 24-20318-CR-ALTMAN (Case No. 24-20318-CR, DE 1). Attorney Acevedo and Attorney Rosenbaum represented Valdespino in this case, which resulted in a conviction after a jury trial (*id.* at DE 5, 32, 44). Valdespino was sentenced to 78 months' imprisonment to run consecutively with his sentence in the money laundering case (*id.* at DE 60).

Attorney Acevedo and Attorney Rosenbaum are members of the law firm Rosenbaum & Acevedo, LLP, where they take "on matters in which they provide joint representation" (Case No. 24-20108-CR, DE 22 at 2). They also each maintain their own separate legal practices – Kimberly Acevedo, P.A. and Joseph S. Rosenbaum, P.A. (*id.*). Attorney Acevedo represented to the Court that her representation of Valdespino in the money laundering case was undertaken in conjunction with her individual legal practice. Nevertheless, Attorney Rosenbaum acknowledged at the May 20, 2025 hearing that he has received payment from Valdespino through Rosenbaum & Acevedo, LLP for his representation of Valdespino in the assault case.

Prior to pleading guilty in the money laundering case, the Government requested a *Garcia* hearing with Valdespino. Specifically, Defendant Oria was Valdespino's alleged co-conspirator in the Eclipse scheme,[2] and the Government became aware that Attorney Rosenbaum had previously represented Defendant Oria in a criminal case in the Southern District of New York in 2012 (*id.* at DE 11 at 3). Given the association between Attorney Acevedo and Attorney Rosenbaum, the Government raised the potential conflict of interest with the Court, and the Court held a *Garcia* hearing with Valdespino on May 2, 2024 (Case No. 24-20045-CR, DE 45).

---

[2] Defendant Oria was indicted in this case separately from Valdespino for his involvement in the Eclipse scheme; however, the Indictment was under seal (Case No. 24-20108-CR, DE 1, 2, 3). Therefore, Attorney Acevedo and Attorney Rosenbaum were unaware of the Indictment charging Defendant Oria at the time.

Valdespino knowingly and voluntarily waived any conflict of interest that Attorney Acevedo may have, and the Court permitted Attorney Acevedo to remain as Valdespino's counsel (*id.*). According to Attorney Rosenbaum,

> Ms. Acevedo advised Valdespino of his right to conflict free counsel, the Government's assertions of a conflict, and all the possible scenarios in which a conflict could exist under these facts and circumstances. Valdespino unequivocally stated that he wanted Ms. Acevedo to continue to represent him. Valdespino also waived any conflict-of-interest Mr. Rosenbaum may have and indicated to Ms. Acevedo that he understood Mr. Rosenbaum represented Oria in the past and has no objection to Mr. Rosenbaum representing Oria in the future.

(Case No. 24-20108-CR, DE 22 at 2-3).

On March 19, 2024, a Grandy Jury sitting in the Southern District of Florida returned an Indictment against Defendant Oria in this case, charging him with Conspiracy to Introduce into Interstate Commerce Misbranded Drugs and to Defraud the United States, in violation of Title 18, United States Code, Section 371, in Count One and Conspiracy to Traffic in Pre-Retail Medical Products with False Documentation, in violation of Title 18, United States Code, Section 670, in Count Two (*id.* at DE 3). Defendant made his initial appearance before the Court on March 21, 2025, which Attorney Acevedo attended on behalf of Attorney Rosenbaum (*id.* at DE 10). Attorney Rosenbaum filed a Notice of Temporary Appearance in this case on the same day that the Government filed the instant Motion (*id.* at DE 13).

At the April 29, 2025 *Garcia* hearing, the Court inquired of the Parties whether they anticipated that this case would result in a jury trial. Attorney Rosenbaum stated that there was a reasonable likelihood that a trial would be forthcoming, but given the early stage of the case, the Parties could not confirm whether Defendant Oria may pursue a plea offer. The Court also inquired of the Parties whether Valdespino was an anticipated witness in this case for either the Government or Defendant. The Government stated that it had approached Valdespino about

4

potentially cooperating against Defendant Oria; however, Valdespino declined the Government's offer. The Government stated that it would be open to Valdespino's cooperation in the future if he changed his mind. Attorney Rosenbaum stated that the defense did not anticipate calling Valdespino as a witness; however, the possibility was not completely foreclosed. Upon learning all these facts, the Court suggested to Defendant Oria that he speak with independent counsel, which would be appointed by the Court, to discuss all the potential issues that could arise from Attorney Rosenbaum's representation in this case, and Defendant Oria agreed. The Court then appointed Nayib Hassan, Esq. as independent counsel to Defendant Oria related to potential or actual conflicts in conjunction with Attorney Rosenbaum's representation (*id.* at DE 27).

At the May 20, 2025 *Garcia* hearing, in addition to the Parties in this case, Attorney Hassan and Attorney Acevedo were present, and Valdespino appeared by telephone from the facility where he is currently incarcerated (*id.* at DE 39). Beyond confirming the facts set forth above, the Government and Attorney Rosenbaum represented that there was no change in the information presented at the previous *Garcia* hearing regarding Defendant Oria's contemplation of a plea offer and Valdespino's potential role, if any, in a trial. Attorney Hassan stated that prior to the hearing, he met with Defendant Oria for over an hour, discussing the facts, the trial process, and potential issues that could arise from Attorney Rosenbaum's continued representation in this matter. Attorney Hassan stated to the Court that throughout their meeting, Defendant Oria was emphatic that he wanted Attorney Rosenbaum to remain as his counsel.

The Court then conducted a full and lengthy colloquy with Defendant Oria and Valdespino to ensure that each was competent and that each understood the actual, potential, and possible conflicts of interest that could arise if Attorney Rosenbaum continues to represent Defendant Oria in this case. Indeed, the Court described at length potential issues that could arise for both

Defendant Oria and Valdespino if Valdespino was called as a witness at Defendant Oria's trial, in light of Attorney Rosenbaum's prior representation of Valdespino.  The Court also discussed the possibility that Attorney Rosenbaum learned confidential information about Valdespino through his prior representation and the potential issues that flow from that information, irrespective of whether Valdespino actually testifies, for both Defendant Oria and Valdespino.  The Court discussed the relationship between Attorney Acevedo and Attorney Rosenbaum as law partners and potential conflict issues related to that partnership for both Defendant Oria and Valdespino.  The Court specifically warned Defendant Oria and Valdespino that it could not predict all the ways in which Attorney Rosenbaum's continued representation of Defendant Oria could lead to issues in the future.  The Court further warned Defendant Oria that if he waived any conflicts associated with Attorney Rosenbaum's representation, the Court may not continue his trial if he changes his mind later, and he is likely foreclosed from raising this issue on appeal in the event of a conviction.

Notwithstanding these cautions, both Defendant Oria and Valdespino expressly stated that they waived any actual, potential, or possible conflicts that may exist with Attorney Rosenbaum's representation of Defendant Oria.  The Court advised Defendant Oria that if he wanted, the Court would give him time to retain another attorney of his choice or if he qualified as indigent, the Court would appoint an attorney for him at no cost.  Defendant Oria declined and stated that he wanted Attorney Rosenbaum to continue to represent him.  Moreover, Defendant Oria signed a Rule 44(c) Advice and Waiver Concerning Conflict of Interest (*id.* at DE 40).  Valdespino also stated that he would sign a Rule 44(c) Advice and Waiver Concerning Conflict of Interest as soon as he received it in the mail and would promptly return it to Attorney Acevedo.  Defendant Oria and Valdespino affirmed in open court that they had spoken to their respective attorneys about possible conflicts that may arise from Attorney Rosenbaum's representation, that they had fully considered the

issues, and that they had enough time to think about whether they wished to execute a waiver. Lastly, both Defendant Oria and Valdespino affirmed in open court that their waivers were voluntarily and not the result of any promises, threats, or coercion.

## II.  THE RELEVANT LEGAL AUTHORITY

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. Amend. VI. An essential part of this right is the criminal defendant's ability to select his counsel. *United States v. Ross*, 33 F.3d 1507, 1522 (11th Cir. 1994). This right, however, is not absolute. *United States v. Schneider*, 853 F. App'x 463, 464 (11th Cir. 2021). When considering whether to disqualify defense counsel, the court must balance "(1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest." *Ross*, 33 F.3d at 1523. The court examines "whether the subject matter of the first representation is substantially related to that of the second" to determine if a conflict warrants disqualification. *Schneider*, 853 F. App'x at 465. For instance, an actual, direct conflict exists where counsel "has previously represented a person who will be called as a witness against a current client at a criminal trial." *Ross*, 33 F.3d at 1523. If an attorney has an actual conflict of interest, that conflict will also be imputed to all the attorneys in the same firm. *Id.*

Nevertheless, a defendant may waive a conflict of interest and elect to proceed with his selected counsel, as long as the waiver is "knowing, intelligent, and voluntary." *United States v. Garcia*, 447 F.3d 1327, 1337 (11th Cir. 2006). For a waiver to be knowing and intelligent, the Government "must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing with counsel under the onus of a conflict could have; and (3) was aware of his right to obtain other counsel." *Id.* (citation omitted).

7

"Although the district court is not required to accept a defendant's waiver, . . . a criminal defendant has a presumptive right to counsel of choice and courts should hesitate to disqualify defense counsel . . . ." *Id.* (citations omitted).

### III.   DISCUSSION

The Court found Defendant Oria and Valdespino to be competent, intelligent, clear-headed, and not under the influence of any narcotic drugs or alcoholic beverages.  The Court fully explained the risks of Attorney Rosenbaum's representation of Defendant Oria in detail. Defendant Oria and Valdespino acknowledged that they clearly understood the dangers at issue, Defendant Oria and Valdespino knowingly and voluntarily waived any actual or potential conflicts of interest which may arise from Attorney Rosenbaum's representation, and Defendant Oria expressly stated his desire to have Attorney Rosenbaum represent him.  Defendant Oria knowingly and voluntarily, after receiving the advice of independent counsel, executed a written waiver of his right to separate counsel (Case No. 24-20108-CR, DE 40), and Valdespino stated his intention to do the same.  Based on the representations of the attorneys and the Government, and the statements under oath from both Defendant Oria and Valdespino, the Court finds that Defendant Oria and Valdespino have knowingly and voluntarily waived any actual, current, or potential conflict of interest in this case if one currently exists or if one arises at any future time.

For the reasons stated above and at the *Garcia* hearings, and based on the signed waiver of Defendant Oria, the representations of the attorneys and the Government, and the sworn testimony of Defendant Oria and Valdespino, the Court finds that Defendant Oria and Valdespino have knowingly, intelligently, and voluntarily waived any actual or potential conflicts of interest.  They have done so with the advice of counsel, and Defendant Oria has done so after consulting with independent counsel appointed by the Court.  The Court notes that it is unclear whether this case

will result in a trial, and if so, at this time, the Parties do not anticipate that Valdespino will be called as a witness by either side. However, the Parties recognized that Valdespino remains a potential witness in this case, particularly if circumstances change regarding his willingness to cooperate with the Government. At the May 20, 2025 hearing, Attorney Rosenbaum stated that if Valdespino does become a witness, he will retain independent counsel to handle any examination of Valdespino. Defendant Oria also acknowledged that he would bear any cost associated with retaining independent counsel, if such action was permitted by the Court. Lastly, the Court directed the Parties to file a written notice with the Court immediately upon learning of a change in any material circumstances related to this Motion, such as the intention to call Valdespino as a witness in future proceedings.

## IV. CONCLUSION

The Court has considered the testimony, the relevant portions of the record, and is otherwise fully advised in the premises. It appearing proper and in the interests of justice, it is hereby

**ORDERED and ADJUDGED** that Joseph Rosenbaum, Esq. may permanently represent Defendant Oria in this case absent a change of circumstances or a further determination by the Court, in its sound discretion.

**IT IS FURTHER ORDERED** that either or both Parties shall file a written notice with the Court immediately upon learning of a change in any material circumstances related to this Motion.

**DONE and ORDERED** in Chambers in Miami, Florida on this 21st day of May, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record