UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

UNITED STATES OF AMERICA

v.

ALEX ORIA,

        Defendant.

_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Defendant Alex Oria ("**ORIA**") hereby acknowledges and agrees that, if this case were to go to trial, the United States would establish and prove the following facts beyond a reasonable doubt:

From sometime between May and September 2022, and continuing through in or around December 2023, in Miami-Dade County, in the Southern District of Florida, and elsewhere, **ORIA** knowingly and willfully conspired and agreed with his co-conspirators, including Orel Valdespino Fernandez, Individual 1 and others, to Introduce into Interstate Commerce Misbranded Drugs, in violation of 21 U.S.C. § 331(a), and (b) to Defraud the United States by impairing/impeding the functions of the FDA 18 U.S.C. § 371.

Eclipse Meds LLC ("Eclipse") was a limited liability company located in Fort Worth, Texas that purported to sell legitimate prescription drugs, including expensive HIV medication, to wholesale distributors of pharmaceutical products throughout the United States.

The term "prescription drug diversion" referred to the various ways in which prescription drugs were removed from regulated distribution channels and subsequently reintroduced into the wholesale marketplace. Common methods of prescription drug diversion included acquiring the

drugs illegally from individual patients for whom the prescription drugs had been prescribed and dispensed but intentionally not consumed. These diverted drugs were then reintroduced into the wholesale marketplace with false documentation concealing their true source and eventually resold to individual consumers by pharmacies. The false documentation accompanying the sale of diverted drugs included product tracing information, which consisted of transaction information, transaction history, and a transaction statement. The product tracing information, which was required by law, identified, among other things, the product, the quantity, the lot number, strength and dosage, the date of each sale, and the parties to each transaction. Such product tracing information was commonly referred to in the industry as "T3s" or "pedigrees."

The Defendant and his co-conspirators engaged in prescription drug diversion. Eclipse sold diverted drugs to pharmacies throughout the United States. These pharmacies then resold the diverted drugs to consumers throughout the United States and sometimes billed the drugs to health care benefit programs, including Medicare and Medicaid.

**ORIA**, Valdespino, Individual 1 and others knowingly distributed diverted prescription drugs with falsified paperwork designed to conceal the true origin of the drugs or with no required paperwork at all. The diverted medication was sold to pharmacies throughout the United States, at times with falsified information in the T3s/pedigrees, which concealed the true origin of the diverted prescription drugs from Eclipse's customers and made it appear as though these drugs had been acquired legitimately through the regulated supply chain. Eclipse's pharmacy customers dispensed these diverted prescription drugs to unsuspecting patients and billed health care benefit programs for the drugs. **ORIA** brokered the sale of drugs to one of the biggest customers of HIV medication from Eclipse, a company formed under the laws of Texas that owned and operated a group of pharmacies located in Texas, Maryland, and Nevada.

These medications were required by law to include product-tracing information that identifies the product, the quantity, the lot number, strength and dosage, the date of each sale, and the parties to each transaction. The Defendant and his associates, including Valdespino and Individual 1, either included falsified product tracing information to conceal the source of the diverted medication or failed to include it altogether. The Defendant was responsible for, among other things, locating customers for the medications and brokering the sales of medications from Eclipse to pharmacies. The Defendant and his associates received $7,200,000 in proceeds for the diverted medication.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning the criminal activity in which I and others were engaged. I make this statement knowingly and voluntarily because I am in fact guilty of the crimes charged.

LORINDA LARYEA
ACTING CHIEF, FRAUD SECTION

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 9/11/2025    By: _____
                   for JACQUELINE ZEE DEROVANESIAN
                   TRIAL ATTORNEY
                   CRIMINAL DIVISION, FRAUD SECTION

Date: 9/11/25     By: _____
                   ALEX ORIA
                   DEFENDANT

Date: 9/11/25

By: _____

LEONARD FENN, ESQ.
COUNSEL FOR DEFENDANT