UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cr-20108

UNITED STATES OF AMERICA

v.

ALEX ORIA,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE came before the Court upon the Government's Unopposed Motion for Preliminary Order of Forfeiture (the "Motion") against Defendant Alex Oria ("Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On March 20, 2024, a federal grand jury returned an Indictment charging Defendant with, *inter alia*, one count of conspiracy to introduce into interstate commerce misbranded drugs in violation of 21 U.S.C. § 331 ("Count 1"). *See* (ECF No. 3) (the "Indictment"). The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of which alleged that upon conviction of a violation of 21 U.S.C. § 331, Defendant shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offense pursuant to 18 U.S.C. § 981(a)(1)(C).[1] *See id.* at 9.

---

[1] The Indictment cited to the incorrect forfeiture statute. As discussed below, because this offense affected a health care benefit program, the correct forfeiture statute is 18 U.S.C. § 982(a)(7). "The court, in imposing a sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.SC. § 982(a)(7). A "Federal health care offense" is defined as a violation of 21 U.S.C. § 331, among other offenses, if the violation or conspiracy to commit such violation relates to a "health care benefit program." 18 U.S.C. § 24(a)(2). Section 24(b), of Title 18, defines "health care benefit program" as "any

On September 18, 2025, the Court adopted Magistrate Judge Ellen F. D'Angelo's Report and Recommendation (ECT No. 78) recommending that Defendant's guilty plea as to Count 1 of the Indictment be accepted and adjudicated Defendant guilty of Count 1 of the Indictment. *See* (ECF Nos. 75, 78, 80). As part of the guilty plea, Defendant agreed to the entry of a forfeiture money judgment in the amount of $7,200,000.00 against him. *See* (ECF No. 76) ¶¶ 1, 14. The Factual Proffer executed by Defendant was found to provide a factual basis supporting Defendant's conviction as well as forfeiture of property. *See generally* (ECF No. 77) (the "Factual Proffer").

According to the Factual Proffer, sometime between May and September 2022, and continuing through in or around December 2023, in the Southern District of Florida and elsewhere, Defendant knowingly and willfully conspired and agreed with his coconspirators, including Orel Valdespino Fernandez ("Valdespino"), Individual 1 and others, to introduce into interstate commerce misbranded drugs in violation of 21 U.S.C. § 331. *Id.* at 1.

Eclipse Meds LLC ("Eclipse") was a limited liability company that purported to sell legitimate prescription drugs, including expensive HIV medication, to wholesale distributors of pharmaceutical products throughout the United States. *Id.* Defendant and his coconspirators engaged in prescription drug diversion. *Id.* at 2. Eclipse sold diverted drugs to pharmacies throughout the United States, and these pharmacies then resold the diverted drugs to consumers

---

public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract."

A citation to an incorrect forfeiture statute in the forfeiture allegations of an indictment does not prevent the United States from later seeking forfeiture in that matter so long as the defendant is adequately informed of the property subject to forfeiture. *See United States v. Wall*, 285 F. App'x 675, 684 (11th Cir. 2008) (holding that an indictment that improperly cited § 982(a)(2) instead of §§ 981(a)(1)(C) and 2461(c) was sufficient to put defendants on notice that government was seeking forfeiture of the proceeds of the mail and wire fraud offenses).

throughout the United States and sometimes billed the drugs to health care benefit programs, including Medicare and Medicaid. *Id.*

Defendant brokered the sale of drugs to one of the biggest customers of HIV medication from Eclipse. *Id.* Defendant and his associates, including Valdespino and Individual 1, either included falsified product tracing information to conceal the source of the diverted medication or failed to include it altogether. *Id.* at 3. Defendant was responsible for, among other things, locating customers for the medications and brokering sales of medications from Eclipse to pharmacies. *Id.* Defendant and his associates received $7,200,000.00 in proceeds for the diverted medication. *Id.*

Based on the record in this case, the total value of the gross proceeds traceable to Count 1 is $7,200,000.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $7,200,000.00 is hereby entered against Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Chambers at Miami, Florida, this  18th  day of November, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE